# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARQUIS SHANTAE MCDANIEL,

        Petitioner,

                                  CIVIL NO. 2:18-CV-10155

v.                              HONORABLE PAUL D. BORMAN
                                  UNITED STATES DISTRICT COURT

LORI GIDLEY,

        Respondent.
_____/

## OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING (2) THE MOTION FOR THE APPOINTMENT OF COUNSEL (Dkt. # 3), (3) A CERTIFICATE OF APPEALABILITY, AND (4) LEAVE TO APPEAL *IN FORMA PAUPERIS*

Marquis Shantae McDaniel, ("Petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his sentence for three counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(f); and one count of using a computer to commit a crime, Mich. Comp. Laws § 750.797(3)(e). For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

1

## I. BACKGROUND

Petitioner pleaded *nolo contendere* in the Kent County Circuit Court and was originally placed on probation with several conditions. Petitioner's probation was revoked after he was found guilty of violating several terms of his probation. Petitioner was sentenced to concurrent sentences of one hundred months to one hundred and eighty months on the criminal sexual conduct convictions and eighty months to one hundred and twenty months on the using a computer to commit a crime conviction.

Petitioner appealed his sentence to the Michigan Court of Appeals, which denied his appeal. *People v. McDaniel,* No. 326070 (Mich.Ct.App. Apr. 22, 2015). The Michigan Supreme Court remanded the case to back to the trial court in light of the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (2015), which held the Michigan Sentencing Guidelines to be unconstitutional. On remand, the trial judge was to determine whether he would have imposed a materially different sentence but for the constitutional error. *People v. McDaniel*, 499 Mich. 852, 873 N.W.2d 576, 577 (2016).

On remand, the trial judge reimposed the same sentence. The Michigan appellate courts denied petitioner's appeal. *People v. McDaniel*, No. 336167 (Mich.Ct.App. May 8, 2017); *lv. den.* ---- Mich.----; 903 N.W.2d 583, 584 (Mich.

2017).

Petitioner seeks a writ of habeas corpus on the following grounds:

The trial court sentenced the Petitioner to an unreasonable sentence based on the improper scoring of Offense Variable 11 of the Michigan Sentencing Guidelines.

## II. DISCUSSION

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court can summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. An answer to a habeas petition is unnecessary when the

3

petition is frivolous, or obviously lacks merit, or where the facts can be determined from the petition itself without consideration of an answer. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Petitioner alleges that the judge incorrectly calculated Offense Variable 11 of the Michigan Sentencing Guidelines.

Petitioner's claim that the state trial court incorrectly scored his sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Errors in the application of state sentencing guidelines do not provide a basis for granting habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner's claim that the state trial court incorrectly departed above the correct sentencing guidelines range does not entitle him to habeas relief, because such a departure does not violate petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000).

Petitioner relies on provisions of the Federal Sentencing Guidelines in support of his sentencing claim, but would not be entitled to habeas relief. The Federal Sentencing Guidelines apply only to sentences for federal criminal violations. *See United States v. Simmonds,* 235 F. 3d 826, 834 (3rd Cir. 2000)(holding that the Federal Sentencing Guidelines do not apply to sentences for violations of Virgin Islands territorial law); *see also Cummings v. Baker,* 130 F. App'x. 446, 447-49 (11th Cir. 2005)(upholding district court's dismissal of state prisoner's request to be paroled on the ground that the Federal Sentencing Guidelines only applied to defendants convicted and sentenced in the federal court).

Petitioner also appears to argue that his sentence was excessive or disproportionate because it was a departure above the correctly scored sentencing guidelines and the prosecutor had originally recommended a sentence of five to twenty three months on the minimum sentence when petitioner originally pleaded *nolo contendere* to the charges.

A habeas petitioner attacking the severity of a prison sentence on Eighth Amendment grounds faces a formidable challenge. He or she can obtain habeas relief only by demonstrating that a state court decision contravened or misapplied "clearly established" Supreme Court precedent. The Supreme Court has

5

acknowledged "that our precedents in this area have not been a model of clarity." *Lockyer v. Andrade,* 538 U.S. 63, 72 (2003). "Indeed, in determining whether a particular sentence for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow." *Id.* The Supreme Court acknowledged that the general applicability of the proportionality standard to term-of-years sentences was clearly established, but confessed a lack of clarity as to which factors lower courts should consider in making that determination. *Id.* The Supreme Court concluded that "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Id.*

In *Lockyer,* the Supreme Court reversed the Ninth Circuit's grant of a writ of habeas corpus on the ground that two twenty-five-year-to-life sentences imposed under California's "three strikes" law, where the triggering felony was the theft of $ 150 worth of video tapes, violated the Cruel and Unusual Punishment Clause of the Eighth Amendment. The Supreme Court observed that the "thicket" created by its Eighth Amendment jurisprudence consisted primarily of its decisions in *Solem v. Helm,* 463 U.S. 277 (1983), *Harmelin v. Michigan*, 501 U.S. 957 (1991), and *Rummel v. Estelle*, 445 U.S. 263 (1980). The California state court observed that

the proportionality rule set forth in *Solem* was cast into doubt by *Harmelin,* and proceeded to analyze Andrade's sentence under the approach taken in *Rummel,* where the U.S. Supreme Court rejected a claim that a life sentence imposed under Texas' recidivist statute was grossly disproportionate to the theft felonies that formed the predicate for the sentence. The California court concluded that Andrade's sentence was not disproportionate. The U.S. Supreme Court held that this decision was not contrary to or an objectively unreasonable application of federal law that was clearly established by the Supreme Court. *Lockyer,* 538 U.S. at 72-77.

A plurality of the Supreme Court held that the Eighth Amendment does not require strict proportionality between the crime and sentence. *Harmelin,* 501 U.S. at 965. As the Supreme Court noted in *Lockyer,* it is generally recognized after *Harmelin* that the Cruel and Unusual Punishment Clause of the Eighth Amendment forbids only an extreme disparity between crime and sentence, that is, sentences that are "grossly disproportionate" to the crime. *Id.* at 1001 (Kennedy, J., concurring); *Coleman v. Mitchell,* 268 F. 3d 417, 453 (6th Cir. 2001)(citing *Coker v. Georgia,* 433 U.S. 584, 592 (1977)); *United States v. Hopper,* 941 F. 2d 419, 422 (6th Cir. 1991)).

"Outside the context of capital punishment, successful challenges to the

7

proportionality of particular sentences have been exceedingly rare." *Rummel,* 445 U.S. at 272. Rummel was convicted of obtaining $ 120.75 by false pretenses, a crime punishable by at least two years, but not more than ten years in prison. He was sentenced as a recidivist to life imprisonment with the possibility of parole. His two prior felonies consisted of fraudulent use of a credit card to obtain $ 80 worth of goods and services, a felony punishable by two to ten years in prison; and passing a forged check for $ 28.36, a crime punishable by two to five years in prison. *See id.* at 265-66. The Supreme Court held that Rummel's life sentence under the state recidivist statute did not constitute cruel and unusual punishment. *See id.* at 285. In *Harmelin,* the Supreme Court upheld a life sentence without the possibility of parole for possession of more than 650 grams of cocaine for an offender with no prior felony convictions. *See Harmelin,* 501 U.S. at 996.

The Supreme Court overturned a life sentence in *Solem* on the ground that it was significantly disproportionate to Helm's crime and prohibited by the Eighth Amendment. However, Helm had been sentenced to life imprisonment *without* the possibility of parole for uttering a "no account" check for $ 100, and his prior felonies also were minor, nonviolent crimes. *See Solem,* 463 U.S. at 302. By contrast, the Supreme Court reaffirmed *Rummel* and found constitutionally sufficient a sentence of twenty-five years to life imposed upon a fifth felony

conviction. *Ewing v. California,* 538 U.S. 11, 24-31 (2003).

In the present case, petitioner's sentences fell within the maximum sentence set by state law for his convictions, and "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek,* 65 F. 3d 60, 62 (6th Cir. 1995)(citation omitted)(quoted with approval in *Austin*, 213 F. 3d at 302). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin,* 213 F. 3d at 301 (quoting *Williams v. New York,* 337 U.S. 241, 245 (1949)).

In light of "the vagueness of the gross-disproportionality principle and the admonition that the principle is 'applicable only in the "exceedingly rare" and "extreme" case,'" this Court concludes that the state courts did not unreasonably apply clearly established law in rejecting petitioner's proportionality claim. *See Smith v. Howerton*, 509 F. App'x. 476, 484 (6th Cir. 2012).

The Court denies the petition for writ of habeas corpus. The Court will also deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims lack merit, the Court will deny petitioner's

9

request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

The Court also denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F.

Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, the Court **SUMMARILY DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court **DENIES** the motion for appointment of counsel. (Dkt. # 3). The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: February 6, 2018

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 6, 2018.

s/Deborah Tofil  
Case Manager